No. **91-213**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

FARMERS UNION MUTUAL INSURANCE COMPANY,

Plaintiff and Respondent,

-vs-

GARY OAKLAND, individually and as Personal
Representative of the Estate of LORETTA OAKLAND,
d/b/a Oakland Holding Company,

Defendants and Counterclaimants and Appellants.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James A. Poore, 111, Douglas A. Buxbaum and Patrick
M. Sullivan; Poore, Roth and Robinson, P.C.,
Butte, Montana

For Respondent:

James L. Jones: Dorsey and Whitney, Billings,
Montana

Submitted on Briefs:   October 10, 1991

Decided:

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On July 20, **1988,** Farmers Union Mutual Insurance Company filed a declaratory judgment action against Gary and Loretta Oakland in the Thirteenth Judicial District Court in Yellowstone County. The District Court held that the insurance policy issued to the Oaklands by Farmers Union did not require Farmers Union to pay for additional costs related to the removal of materials containing asbestos during reconstruction of the insureds' property. Gary Oakland appeals. We reverse.

The issue on appeal is whether the District Court erred in holding that a "code exclusion" clause in the insurance policy relieved Farmers Union of any obligation to pay additional costs for the removal of debris from the insured's fire-damaged building, when the cost of removal was increased because of regulations related to the removal of materials that contain asbestos.

The Oaklands purchased the Broadwater Center, a commercial property in Billings, on November 1, **1979.** The Broadwater Center was an older building, and it contained asbestos pipe insulation and floor tile. On October 1, **1986,** the Oaklands purchased a fire and casualty insurance policy for the Broadwater Center from Farmers Union. On January 4, **1988,** a fire damaged the insured property.

Gary Oakland immediately notified Farmers Union of the loss. Farmers Union retained an independent adjuster to handle the claim. Oakland then hired his own adjuster. The adjusters disagreed on

how to obtain reconstruction bids from contractors. In addition, they disagreed about whether the "code exclusion" clause in the insurance policy relieved Farmers Union of the obligation to pay the higher costs associated with removal and disposal of debris that contained asbestos.

Consequently, in mid-February of 1988 Farmers Union decided to submit the matter to an appraiser selected by each party and an umpire selected by the appraisers. On May 15, 1988, the umpire determined that the total loss was worth $773,020. The umpire's award attributed $70,540 to the cost of asbestos removal.

Almost immediately a dispute arose on the question of whether the appraisers had subtracted a deduction for depreciation on certain items as required by the insurance policy. Farmers Union therefore sought a declaratory judgment regarding the asbestos and depreciation issues. The Oaklands filed a counterclaim asserting that Farmers Union had acted in bad faith by unnecessarily prolonging the adjustment process.

Both parties moved for summary judgment on the asbestos, depreciation, and bad faith issues. On January 18, 1990, the District Court entered an order disposing of several pending motions. This order denied the pending summary judgment motions on the asbestos and depreciation issues. However, the court appended a memorandum to the order in which it stated:

> In connection with the asbestos issue, a question has
> been raised as to whether the Seventy Thousand Five
> Hundred Forty and No/100ths Dollars ($70,540.00) figure

3

is the amount determined to be the costs of removing the asbestos material or is the amount in excess of what it would have cost to remove the material had it not contained asbestos. The Court has concluded [Farmers Union] is not required to pay any increased cost of repair or reconstruction by reason of the statutes and ordinances regulating asbestos and will permit a deduction from the total costs of repair or replacement of any such increased cost.

Subsequently, the parties settled the depreciation and bad faith issues out of court, leaving only the asbestos issue for final decision. The District court then issued a final order and judgment declaring that Farmers Union was entitled to a deduction for the increased cost of asbestos removal. This appeal is therefore limited to the asbestos issue.

According to Oakland, the materials at issue here are of two types: (1) materials containing asbestos that were directly damaged in the fire; and (2) undamaged materials containing asbestos that must be torn out in order to gain access to damaged materials. He does not seek compensation for the removal of any asbestos that it was not necessary to remove as part of the repair process.

Farmers Union bases its position on the following clauses in the insurance policy:

**111. EXCLUSIONS**

Section I [the coverage provision] does not apply to loss or damage caused by or resulting from:

1.  <u>Enforcement of any ordinance or law, either directly or indirectly, regulating the construction, repair or demolition of buildings or structures</u>. [Emphasis added.]

4

and

**Business Pac Deluxe Policy Declarations**

. . .

> [Farmers Mutual] . . . does insure . . . [Gary and
> Loretta Oakland] . . . to the extent of the actual
> cash value of the property at the time of loss, but
> not exceeding the amount which it would cost to
> repair or replace the property with material of
> like kind and quality within a reasonable time
> after such loss <u>without allowance for any increased
> cost of repair or reconstruction by reason of any
> ordinance or law regulating construction or repair</u>
> . . . . [Emphasis added.]

We take judicial notice of the fact that asbestos removal is subject to regulations that increase the cost of removing and disposing of materials that contain asbestos, compared to the cost of removing and disposing of ordinary building materials.

However, the first of these two provisions is clearly inapplicable under its own terms. The asbestos regulations, which are of course a valid exercise of the government's police power, did not **"cause"** or **"result in"** "loss or damage" to the insured property. It was the fire that caused the "loss or damage" to the insured property. Therefore, Farmers Union cannot rely upon this provision to support its claim that the cost of removing these materials is not covered by its policy.

The Supreme Court of Idaho recently reached this same conclusion in *Ganiett v. Transamerica Insurance Services* (Idaho 1990), 800 P.2d 656. The insurance policy at issue in *Garnett* purported to exclude coverage for "[l]oss occasioned directly or indirectly by

5

enforcement of any ordinance or law regulating the use, construction, repair, or demolition of buildings or structures.'  *Ganiett*, 800 P.2d at *666*.  The court said that:

> As we read this provision, it does not limit Transamerica's obligation for the cost of repair or replacement of the building when a loss has occurred that is covered by the policy, but merely states that if the loss itself is caused by an ordinance or law, there is no coverage.  For instance, if some safety improvement of a building to which no other loss had occurred were required by an ordinance or law, Transamerica would not be liable.  However, when the cost of repairing or replacing a building that had been damaged by fire is increased by the requirements of an ordinance or law, Transamerica is not relieved of that cost.

*Gantett*, 800 P.2d at 666.  We agree with the Idaho decision.

Farmers Union argues that even if the increased cost of asbestos removal is not a "loss or damage," it is certainly an "increased cost of repair or reconstruction by reason of an ordinance or law regulating construction or repair."  Oakland, on the other hand, argues that the asbestos which must be removed is "debris" and that the insurance policy affirmatively extends coverage for debris removal without qualification.

We decline to adopt Farmers Union's interpretation of the clause in question.  Interpretation of this clause is naturally controlled by its own context.  The clause as a whole refers to the types of <u>new</u> materials with which the damaged materials must be <u>repaired or revlaced</u>.  It is utterly silent on the question of debris removal.  Elsewhere, the policy affirmatively grants coverage for debris removal without qualification.  Thus, Farmers

6

Union apparently understood when it drafted the policy that repair and debris removal are separate costs, and if it intended to exclude debris removal costs related to code enforcement it could have done so.

Furthermore, coverage exclusions are subject to a rule of narrow construction. In *Dautel v. United Pacific Insurance Co.* (Wash. Ct. App. **1987**), **740** P.2d **894, 896,** for example, the court noted that "[e]xclusions from coverage are contrary to the fundamental protective purpose of an insurance policy and will, therefore, be narrowly construed." The exclusions at issue in the case at bar only cover costs associated with "construction, repair, or demolition" and "repair or reconstruction" of the insured property. The insurance policy does <u>not</u> expressly exclude costs associated with the removal of <u>debris</u> that contains asbestos. The rule of narrow construction prevents us from expanding the plain language of these exclusions to certain types of debris, when elsewhere the policy affirmatively <u>extends</u> coverage for debris removal.

We conclude that the policy as drafted affirmatively extends coverage for debris removal, that the asbestos in question is "debris," and that the policy language purporting to limit coverage for new materials required by laws and ordinances is inapplicable. Thus, we hold that the District Court erred in ruling that Farmers Union had no contractual obligation to pay for asbestos removal and that it could deduct such costs from the umpire's award.

7

However, a fact issue remains regarding the <u>amount</u> of the costs that are recoverable.  We limit our holding to the removal of fire-damaged asbestos and undamaged asbestos that must be removed in order to repair damaged materials.  Farmers Union suggests that the $70,540 asbestos-removal figure used by the appraisers actually represents the cost of removing <u>all asbestos in the building</u>.  Oakland disputes this claim.  Accordingly, we remand for a specific factual determination of how much it will cost to remove (1) fire-damaged asbestos: and (2) undamaged asbestos that must be removed in order to access and repair fire-damaged materials.  It is these amounts that are covered by the Farmers Union policy.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

January 28, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

James A. Poore, III; Douglas A. Buxbaum and Patrick M. Sullivan
POORE, ROTH & ROBINSON, P. C.
1341 Harrison Avenue
Butte, MT 59701

James L. Jones, Esq.
DORSEY & WHITNEY
1200 First Interstate Center
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy
