No. 90-544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

TRUCK INSURANCE EXCHANGE, a reciprocal
inter-insurance exchange,
            Plaintiff and Respondent,
    -vs-

THOMAS G. WALLER and LINDA L. WALLER,
            Defendants and Appellants,

DONALD ENGELKE, CHARLES ENGELKE, and
CHARLES AND DONALD ENGELKE, d/b/a CHARLES
AND DONALD ENGELKE, a partnership,
            Defendants,
    and

THOMAS G. WALLER and LINDA L. WALLER,
            Counterclaimants and Appellants,
    -vs-

TRUCK INSURANCE EXCHANGE, a reciprocal
Inter-insurance Exchange,
            Counterclaim Defendant and Respondent.

FILED

APR 10 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifteenth Judicial District,
               In and for the County of Roosevelt,
               The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            David L. Irving, Attorney at Law, Glasgow, Montana
            David S. Evinger; Robins, Kaplan, Miller & Ciresi,
            Minneapolis, Minnesota

        For Respondent:

            George C. Dalthorp and Peter F. Habein; Crowley,
            Haughey, Hanson, Toole & Dietrich, Billings, Montana

Submitted on Briefs:   January 30, 1992

Decided:   April 10, 1992

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The appellants, Thomas and Linda Waller, appeal from an order of the District Court of the Fifteenth Judicial District, Roosevelt County, which granted summary judgment in favor of the respondent, Truck Insurance Exchange (Truck Insurance). We affirm.

The issues on appeal are:

1. Did the District Court err in concluding that the language of the Engelkes' insurance policies excluded coverage for Mr. Waller's injuries arising from the airplane accident and, thus, that Truck Insurance was entitled to summary judgment?

2. Did the District Court err in granting summary judgment to Truck Insurance on the Wallers' misrepresentation counterclaim?

3. Did the District Court err in dismissing the Wallers' bad faith counterclaim?

Truck Insurance brought this action in 1985 seeking a declaration that the insurance policies it issued to Donald and Charles Engelke did not provide coverage for the injuries suffered by Mr. Waller while he was a passenger in an airplane which crashed while piloted by Donald Engelke. Prior to the accident, the Engelkes had insured their farm through Truck Insurance with a Farm Sentinel policy and a commercial umbrella policy. When this declaratory judgment action originated, the Engelkes were defendants in a personal injury action filed by the Wallers. Judgment in that action was entered in 1989 against Donald Engelke.

The Engelkes answered Truck Insurance's declaratory judgment complaint by admitting that the insurance policies provided no

2

coverage for the airplane accident; they are no longer involved in this suit. The Wallers answered by alleging that there was coverage for the airplane accident. They also counterclaimed for misrepresentation against Truck Insurance asserting that after the Engelkes purchased their insurance, Truck Insurance's agent misrepresented to Donald Engelke that Engelke could not obtain insurance coverage for his aircraft because he did not have a pilot's license. The Wallers sought reformation of the insurance policies to provide coverage or estoppel on the part of Truck Insurance to deny coverage.

Truck Insurance filed a motion for summary judgment on all issues, including the Wallers' misrepresentation counterclaim, on February 14, 1989. The District Court allowed further discovery by the Wallers and the motion for summary judgment was set for hearing on May 30, 1990.

Prior to the hearing, the Wallers filed a cross-motion for summary judgment on May 9, 1990, as to coverage under the policies. In addition, the Wallers were granted leave on May 24, 1990, to amend their answer to add a second counterclaim for bad faith. On May 30, 1990, the day of the hearing on the cross-motions for summary judgment, Truck Insurance filed a motion for reconsideration of the court's order granting the Wallers leave to amend their answer; it subsequently filed its answer to the second counterclaim on June 5, 1990. The court never ruled on Truck Insurance's motion for reconsideration.

The District Court granted summary judgment to Truck Insurance

3

on August 10, 1990.  It ruled that the policy language did not provide coverage for the accident in which Mr. Waller was injured and that the counterclaim for misrepresentation or "coverage by estoppel" was without merit.  The court also dismissed the Wallers' counterclaim for bad faith.  The Wallers appealed.

## I.

Did the District Court err in concluding that the language of the Engelkes' insurance policies excluded coverage for Mr. Waller's injuries arising from the airplane accident and, thus, that Truck Insurance was entitled to summary judgment?

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), M.R.Civ.P.  The interpretation of an insurance contract is a question of law.  Truck Insurance Exchange v. Nelson (1987), 228 Mont. 233, 236, 743 P.2d 572, 574. The language of the insurance policy governs its interpretation if it is clear and explicit.  Section 28-3-401, MCA.

Coverage "E2" of the Farm Sentinel policy states that the insurer agrees to pay various medical expenses incurred as a result of bodily injury caused by an accident while on the premises with the permission of the insured, or elsewhere if such injury is caused by the activities of an insured.  The policy also contains the following exclusion:

**THIS POLICY DOES NOT APPLY UNDER:**

. . .

**(b)  Coverages . . . E2** to the ownership, maintenance, operation, use, loading or unloading of . . . (iv)

4

aircraft; but, with respect to bodily injury to a residence employee or a farm employee, arising out of and in the course of employment by the insured of such residence or farm employee, parts (i), (ii) and (iii) of this exclusion do not apply, and part (iv) applies only while such employee is engaged in the operation or maintenance of aircraft[.]

The commercial umbrella policy states that coverage under that policy is subject to the insuring provisions in the underlying (Farm Sentinel) policy.

The District Court concluded that the Farm Sentinel policy does not provide coverage for the accident in which Mr. Waller was injured. The Wallers claim error. They assert that the aircraft exclusion applies only to injuries sustained by farm or residence employees and that, because Mr. Waller was not an employee of the Engelkes, the exclusion does not apply to the accident in which he was injured. We disagree.

The meaning of the aircraft exclusion is clear and explicit. The language plainly excludes coverage for bodily injury arising from the ownership, maintenance, operation, use, loading or unloading of aircraft; however, in the case of bodily injury to a residence or farm employee, the policy excludes coverage only where such employee is engaged in the operation or maintenance of aircraft. It is undisputed that the injuries to Mr. Waller arose out of the operation and use of an aircraft and that he was not a residence or farm employee at the time of his injuries. Thus, the airplane accident in question is excluded from coverage. Accordingly, we hold that the District Court did not err in granting summary judgment to Truck Insurance on the question of

5

coverage under the insurance policies.

## II.

Did the District Court err in granting summary judgment to Truck Insurance on the Wallers' misrepresentation counterclaim?

The Wallers contend that the misrepresentation counterclaim was not involved in the cross-motions for summary judgment. Citing Hereford v. Hereford (1979), 183 Mont. 104, 598 P.2d 600, they argue that it is reversible error to grant summary judgment on a claim not before the court without affording them notice and reasonable opportunity to respond.

We find no error on the part of the District Court. Truck Insurance's February 14, 1989 motion for summary judgment specifically included the misrepresentation counterclaim. Thus, the Wallers cannot reasonably argue that they had no notice or opportunity to respond.

In analyzing the merits of the counterclaim for misrepresentation, the District Court, having already found that the language of the policies excluded coverage, addressed whether Truck Insurance was nonetheless estopped from denying coverage because of statements made to Donald Engelke by Truck Insurance's agent, LeRoy Tvedt. The court found that no issue of material fact existed with respect to the conversation between Engelke and Tvedt. It then applied the elements of estoppel to the Wallers' claim and, finding some of the elements of estoppel to be lacking, concluded that Truck Insurance was entitled to summary judgment as a matter of law.

The Wallers maintain that the District Court erroneously characterized the counterclaim as one of estoppel, arguing that misrepresentation is a cause of action independent of the declaratory judgment action. We find the Wallers' attempt to distinguish estoppel from misrepresentation unpersuasive under the circumstances of this case. The Wallers did not seek money damages for the alleged misrepresentation; they sought reformation of the policies to provide coverage or estoppel on the part of Truck Insurance to deny coverage. The remedies sought make it clear that the counterclaim was tied to, and not independent of, the declaratory judgment action.

In addition, an element of both estoppel and misrepresentation is detrimental reliance. The Wallers were not parties to the conversation and in no way relied on Mr. Tvedt's statements. Therefore, they cannot establish this element.

The Wallers assert that, as judgment creditors of Donald Engelke, "they have the right to stand in the same position as Donald Engelke with respect to his insurer, Truck Insurance." Assuming arguendo that the Wallers correctly assert that they have the right to bring a misrepresentation action against Truck Insurance on behalf of Donald Engelke, their claim still fails. Donald Engelke did not change his position for the worse in reliance on Mr. Tvedt's statements. He did not have or seek insurance coverage for the airplane before the conversation with Mr. Tvedt and did not pursue obtaining coverage after that conversation. Under these facts, it is clear that the Wallers

cannot establish the element of detrimental reliance. Thus, their misrepresentation counterclaim fails as a matter of law. We hold that the District Court did not err in granting summary judgment to Truck Insurance on the Wallers' misrepresentation counterclaim.

## III.

Did the District Court err in dismissing the Wallers' bad faith counterclaim?

Having determined that there was no coverage pursuant to the language of the insurance policies or by estoppel, the court concluded that it was proper to address the Wallers' bad faith counterclaim. It dismissed the counterclaim concluding that "[i]n light of the court's ruling that there is no coverage under the insurance policies, the counterclaim is without merit and totally inapplicable to this case."

The Wallers argue that the bad faith counterclaim was not before the court at the time of the May 30, 1990 summary judgment hearing and, thus, the District Court erred in addressing and dismissing it. They also argue that a determination that the insurance policies do not provide coverage for the airplane accident does not mandate dismissal of the bad faith counterclaim because "[t]he claim stands alone as a separate and independent cause of action from the declaratory judgment action." We conclude that under the circumstances of this case the District Court did not err in dismissing the bad faith counterclaim.

The Wallers' bad faith counterclaim alleges that:

> Since the filing of the declaratory action herein, and especially since judgment was granted against the

8

insured in the underlying personal injury action, Cause Number 10105 in this Court, upon information and belief the counterclaim defendants have violated their <u>fiduciary duty and the contractual rights</u> of the Wallers, as third party claimants, concerning good faith and fair dealing in the investigation, discovery, prosecution and settlement of the declaratory action. Upon information and belief, said violations amount to a breach of the implied covenant of good faith and fair dealing, as well as the statutory protections of the Montana Unfair Trade Practices Act.

(Emphasis added.) It is clear that the Wallers' claims of bad faith on the part of Truck Insurance were all premised upon the existence of a contract between Truck Insurance and the Engelkes, that is, that the Engelkes' insurance policies provided coverage for the airplane accident in which Mr. Waller was injured. Because the policies excluded coverage, the Wallers' claims of bad faith on the part of Truck Insurance fail as a matter of law. While we agree with the Wallers that the counterclaim for bad faith was not within the scope of the parties' respective motions for summary judgment, the law does not require the performance of idle acts. Section 1-3-223, MCA. To compel the District Court, under the circumstances of this case, to dispose of the bad faith counterclaim in a separate, independent proceeding would be to compel inefficient and idle acts.

Affirmed.

_____
Justice

9

We concur:

_J. A. Turnage_
Chief Justice

_Wm. J. Trieweiler_

_B. C. McDonough_

_Justices_

10