JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the District Court of the Eighth Judicial District, County of Cascade, State of Montana, the Honorable John M. McCarvel presiding. The Kienenbergers and J.L. appeal from an order granting the respondent, Farmers Union Mutual Insurance (Farmers Union) summary judgment on the basis that it owed no duty to defend or indemnify its insured, Ron Kienenberger, in the underlying action. We affirm.
The underlying action arose in January 1991, when Ron Kienenberger’s son Jaret, age 13, raped J.L., age 28. In the ensuing criminal proceedings, Jaret pled guilty to sexual intercourse without consent. J.L. then sued Jaret’s parents on a theory of negligent supervision. She alleged in her complaint that the Kienenbergers owed a duty to her and to others to provide appropriate supervision to their child, Jaret Kienenberger, and that they had negligently supervised his upbringing “to the point where it was reasonably foreseeable that he would be a danger to himself and to third parties.” The District Court dismissed J.L.’s action in April, 1992, on the Kienenbergers’ motion, and J.L. appealed. Her appeal has not been decided.
The case before the Court is a declaratory judgment action instituted in District Court in October 1991 by Farmers Union. Farmers Union sought an order that it owed no duty to its policy holder, Ron Kienenberger, even though it had retained counsel for the Kienenbergers in J.L.’s action. The District Court held that under Ron Kienenberger’s Farm and Ranch Liability Policy, Farmers Union was not obligated either to indemnify or to defend the Kienenbergers against J.L.’s claim for damages.
The dispositive issue on appeal is whether the District Court erred in finding that Kienenbergers’ insurance policy precluded coverage because J.L.’s injuries were not caused by an “occurrence” as defined in the policy. Appellants also question whether the District Court erred in finding that coverage was precluded by a clause in the policy *109 that expressly excluded injuries caused by sexual molestation. We do not decide this issue because we affirm the District Court on the first issue. Appellants also raise another issue: whether negligent supervision by Jaret Kienenberger’s parents is an “occurrence” for which Farmers Union was obligated to provide coverage. The District Court did not address this issue and we will not decide it here.
The policy provided that Farmers Union would pay damages for bodily injury or property damage caused by an “occurrence,” defined as “an accident... neither expected nor intended from the standpoint of the insured” (emphasis added). An intentional act cannot be an “occurrence” because it is not an accident and because it is intended or expected by the insured. Therefore, injuries caused by an insured person’s intentional act are not covered. New Hampshire Insurance Group v. Strecker (1990), 244 Mont. 478, 481, 798 P.2d 130, 132.
It is undisputed that as a member of Ron Kienenberger’s household Jaret was an insured, and that Jaret’s sexual assault of J.L. was intentional. Summary judgment is proper when the record discloses no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.R; also see Truck Insurance Exchange v. Waller (1992), 252 Mont. 328, 331, 828 P.2d 1384, 1386, 49 St.Rep. 318, 319. Since it is undisputed that J.L.’s injuries were caused by an insured person’s intentional act, and the insurance contract clearly and unambiguously excludes coverage for intentional torts, Farmers Union is entitled to summary judgment as a matter of law.
AFFIRMED.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, McDONOUGH and WEBER concur.