No. 92-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

PAGE WELLCOME; PAGE WELLCOME,
PROFESSIONAL SERVICE CORP.,

      Plaintiffs and Appellants,

  -vs-

THE HOME INSURANCE COMPANY,

      Defendant and Respondent.

ORIGINAL PROCEEDING

COUNSEL OF RECORD:

      For Appellants:

          Page Wellcome, Attorney at Law, San Diego,
          California

      For Respondent:

          Dennis McCafferty; James, Gray & McCafferty, Great
          Falls, Montana

FILED

Submitted on Briefs: January 28, 1993

Decided: March 25, 1993

Filed: MAR 25 1993

SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

This case is before us on certified questions from the United States Court of Appeals for the Ninth Circuit concerning interpretation of insurance policy provisions.

A Montana trial court imposed sanctions against Page Wellcome (Wellcome), a Montana attorney, for disregarding its orders regarding voir dire, examination of witnesses and argument. The court ordered Wellcome and the insurer for his client to pay the sanctions. The sanctions, either as ordered or as compromised, ultimately were paid by Page Wellcome and Aetna Insurance Company.

Wellcome submitted a claim for the amount of the sanction to The Home Insurance Company (Home) under his professional liability policy. Home denied the claim on the basis of a provision excluding payment for "fines or statutory penalties whether imposed by law or otherwise. . . ."

Wellcome filed a diversity action in the United States District Court asserting a breach of the insurance contract and seeking a declaration of the parties' rights thereunder. Home pleaded as affirmative defenses both the "fines or statutory penalties" exclusion and an exclusion for "deliberately wrongful acts or omissions committed by the Insured." The parties filed cross-motions for summary judgment. Wellcome sought summary judgment on the grounds that: (1) the term "fine" in the policy was ambiguous and, therefore, should be construed against Home; and (2) coverage should be required under the "reasonable expectations" doctrine. The U.S. District Court granted summary judgment to Home

2

on the basis of the "fines" exclusion, concluding that the term was not ambiguous. On that basis, the court determined that the reasonable expectations principle did not apply. The court did not rely on the "wrongful acts" exclusion.

Wellcome appealed to the United States Court of Appeals for the Ninth Circuit. Stating that no clear controlling precedent in Montana judicial decisions existed on questions determinative of the case, the Ninth Circuit certified questions to this Court. We accepted jurisdiction of the certified questions by order dated August 25, 1992.

The following two questions are certified from the Ninth Circuit:

(1) Was there ambiguity in the contract language that should be construed against Home to require it to provide coverage for the sanctions imposed against Wellcome?

(2) Does the doctrine of reasonable expectations require Home to provide coverage for the sanctions imposed against Wellcome?

The interpretation of an insurance contract is a question of law in Montana. Truck Ins. Exchange v. Waller (1992), 252 Mont. 328, 331, 828 P.2d 1384, 1386. Well-established principles guide our interpretation. The language of the policy governs if it is clear and explicit. Waller, 828 P.2d at 1386. Ambiguities are construed against the insurer. Bauer Ranch v. Mountain W. Farm Bur. Mut. Ins. (1985), 215 Mont. 153, 156, 695 P.2d 1307, 1309. Furthermore, exclusions from coverage will be narrowly and strictly construed because they are contrary to the fundamental protective

3

purpose of an insurance policy. Farmers Union Mut. Ins. Co. v. Oakland (1992), 251 Mont. 352, 356, 825 P.2d 554, 556.

With these principles of insurance policy interpretation in mind, we turn to the policy at issue and the question of whether the "fines or statutory penalties" language is ambiguous, thereby requiring Home to provide coverage for the sanctions imposed against Wellcome. In so doing, we note that Home's alternative basis for excluding coverage, the "deliberately wrongful acts" exclusion, is not before us and, therefore, is not addressed herein.

Pursuant to the claims made policy between Wellcome and Home, Home generally undertook to pay on Wellcome's behalf all sums in excess of the deductible amount which Wellcome became "legally obligated to pay as damages. . . ." The specific provision under which the U.S. District Court granted summary judgment to Home defines damages as follows:

> Damages, whenever used in this policy, means a monetary judgment or settlement and does not include fines or statutory penalties whether imposed by law or otherwise, nor the return of or restitution of legal fees, costs and expenses arising therefrom.

The court agreed with Wellcome that the monetary sanction was not imposed pursuant to statutory authority, and focused on the term "fine." It determined that the term was not reasonably subject to differing interpretations, "[r]ather, the term, whether used in a formal context or in ordinary parlance, means the payment of money imposed upon a person for misconduct." Because the Montana trial court imposed a payment of money on Wellcome for misconduct, the court concluded that the imposed sanctions were excepted from

4

coverage under the policy.

On appeal to the Ninth Circuit, and before this Court, Wellcome argues that sanctions are sanctions and are not fines, penalties or any other type of punishment. He asserts that the term "fines" is used in Montana statutes only in the context of criminal matters and, therefore, that a Montana attorney reasonably could understand the exclusion for "fines" in his professional liability policy to exclude only criminal fines. Home contends that the policy clearly informed Wellcome that coverage was not available if a court ordered him to pay money as a result of his misconduct.

We conclude that the term "fines," as used in the policy before us, is not ambiguous and excludes coverage for the sanctions imposed by the state trial court. We note first that the "statutory penalty" language does not apply here; it was not the basis for the trial court's imposition of sanctions. However, that language would include penalties of all kinds imposed under authority of statute or rule, including a criminal fine, an "excess costs" penalty pursuant to § 37-61-421, MCA, a statutory contempt, or a sanction imposed under the Montana Rules of Civil Procedure.

Here, the trial court imposed the sanctions for Wellcome's violation of certain of its orders during trial, pursuant to its inherent authority. The sanctions were a penalty or punishment for Wellcome's misconduct, notwithstanding the fact that they did not come within any specific statutory authority so as to constitute a statutory penalty under the policy. Black's Law Dictionary (4th Ed. Rev.) defines a fine as a penalty; it defines the verb "fine"

5

as "to impose a pecuniary punishment. . . ." In our view, this is the commonly understood and clear meaning of the word "fine." Wellcome's attempt to restrict the term to the criminal context is hypertechnical; it would produce an absurd result in that sanctions imposed pursuant to statute or rule would be excluded from coverage, while sanctions imposed pursuant to a court's inherent authority to do so would be covered.

We turn next to the "reasonable expectations" doctrine, first recognized by this Court in Transamerica Ins. Co. v. Royle (1983), 202 Mont. 173, 656 P.2d 820. In that case, we held that a policy exclusion was invalid due to its failure to "honor the reasonable expectations" of the purchaser of the policy. Royle, 656 P.2d at 824. We quoted Keeton, Insurance Rights at Variance with Policy Provisions, 83 Harv.L.Rev. 961, 967 (1970), for the proposition that the objectively reasonable expectations of the purchaser would be honored notwithstanding the fact that a "painstaking study" of the policy would have negated the expectations. Royle, 656 P.2d at 824. The reasonable expectations doctrine is in accord with our strong public policy that insurance is intended to serve a fundamental protective purpose; to this extent the doctrine goes hand in hand with our rule of strictly construing policy exclusions. See Oakland, 825 P.2d at 556.

We next considered, and declined to apply, the reasonable expectations doctrine in Passage v. Prudential-Bache Securities, Inc. (1986), 223 Mont. 60, 727 P.2d 1298. In Passage, plaintiffs contended that the arbitration clause in their client agreement form, printed in the same typeface as the other agreement

6

provisions, was unenforceable as outside their reasonable expectations. Stating that there was nothing in the record to indicate that the arbitration clause was not within the parties' expectations, we affirmed the enforceability of the clause. Passage, 727 P.2d at 1302.

We most recently addressed the reasonable expectations of an insured in State Farm v. Estate of Braun (1990), 243 Mont. 125, 793 P.2d 253. There, the underinsured policy at issue specifically provided that coverage extended to Canada. Canadian law severely restricted damages in wrongful death tort actions. We determined that, given the policy's specific extension of coverage for accidents occurring in Canada, a reasonable average insured would not be aware that, in relation to Montana law, Canadian law severely restricted damages. Braun, 793 P.2d at 256. We noted that accepting the insurer's position would produce the result that State Farm sold, and collected premiums for, coverage in Canada that was worthless to the insured. Braun, 793 P.2d at 256.

Nothing in our cases supports the applicability of the reasonable expectations doctrine in this case. In neither Royle nor Braun did we apply the doctrine to require coverage where clear policy language excluded the coverage. We decline to do so here. Expectations which are contrary to a clear exclusion from coverage are not "objectively reasonable" as we used that term in Royle.

We have concluded herein that the definition of damages in Wellcome's policy with Home which excludes "fines" clearly and unambiguously excluded coverage under the facts of this case. To require Home to provide coverage where the policy manifests a clear

7

intent to do otherwise would violate our most basic contract law and rules of interpretation. See, e.g., § 28-3-401, MCA, and Waller, 828 P.2d at 1386. We conclude, therefore, that the doctrine of reasonable expectations does not require Home to provide coverage for the sanctions imposed against Wellcome.

Based on the above discussion and conclusions, we answer the certified questions as follows:

"First, was there ambiguity in the contract language that should be construed against Home to require it to provide coverage for the sanctions imposed against Wellcome?" No.

"Second, does the doctrine of reasonable expectations require Home to provide coverage for the sanctions imposed against Wellcome?" No.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8

March 25, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Page Wellcome
Attorney at Law
4365 Executive Dr., Ste. #700
San Diego, CA  92121

Dennis McCafferty
James, Gray & McCafferty
P.O. Box 2885
Great Falls, MT  59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy