73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff-Appellee,
v.
FIRST NATIONAL BANK OF GLASGOW, Defendant-Appellant.
 No. 94-35899.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided Dec. 29, 1995.
 
 1
 Before: D.W. NELSON, NOONAN Circuit Judges, and TANNER*.
 
 
 2
 MEMORANDUM**
 
 
 3
 First National Bank of Glasgow ("FNB") appeals the district court's grant of summary judgment in favor of St. Paul Fire and Marine Insurance Company. The court held that under FNB's insurance policy, St. Paul had no duty to defend FNB in a lawsuit brought against it by Glasgow Livestock Sales Company ("Glasgow Livestock") and its owners, the Fjeldheims. Because both parties are familiar with the procedural and factual background of this case, we will not repeat it here. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse.
 
 STANDARD OF REVIEW
 
 4
 We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 DISCUSSION
 
 5
 FNB argues that St. Paul has a duty to defend it against claims brought by Glasgow Livestock. Glasgow Livestock alleges that FNB made "disparaging statements" about it and the Fjeldheims to their customers, thereby impairing Glasgow Livestock's relationship with its customers and its reputation within the community. In support of its argument, FNB points to a personal injury provision in the policy issued to it by St. Paul covering "injury, other than bodily injury, caused by ... written or spoken material made public which belittles the products or works of others."
 
 
 6
 Under Montana law, which governs this case, an insurer "has a duty to defend where the complaint sets forth facts which are a part of the covered risk." Atcheson v. Safeco Insurance Co., 527 P.2d 549, 552 (Mont.1974). Here, the covered risk is "belittlement." Because the meaning of the "belittlement" provision is ambiguous, we construe it in favor of the insured. See Wellcome v. Home Ins. Co., 849 P.2d 190, 192 (Mont.1993). Therefore, we find that the allegations of "disparaging statements" amount to belittlement, giving rise to a duty to defend FNB against the claims brought by Glasgow Livestock.
 
 
 7
 We reject St. Paul's argument that it does not have a duty to defend FNB because the specific torts alleged in Glasgow Livestock's complaint (breach of fiduciary duty, constructive fraud, breach of implied duty of good faith and fair dealing, and interference with contract) are not included among the torts enumerated in the personal injury provisions of the policy. If we were to find that the policy did not give rise to a duty to defend FNB, we would render meaningless the belittlement element of the personal injury provisions, especially as there is no tort of belittlement under Montana law. To do so would contravene accepted rules of contract construction and condone the inclusion of meaningless provisions in insurance policies. We decline to do this.
 
 
 8
 REVERSED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3