JUSTICE NELSON
specially concurs.
I concur in our answer to the certified question. In doing so, I also agree with Justice Gray that the statutes at issue are neither a model of clarity nor do they track well. If anything, that is an understatement. As demonstrated by the Court’s opinion and by the dissents, reasonable interpretations lead to diametrically opposed results. Whether one interpretation is more “absurd” than the other is more a function of perception than it is logic.
One thing, however, is obvious: if the legislature wanted to prohibit the stacking of underinsured and med-pay coverage, it could have simply said so in § 33-23-203, MCA. It had no trouble saying that with respect to uninsured coverage. It could have used an equally simple, clear and unambiguous approach to underinsured and med-pay coverage. The fact is it did not, and we are, thus, left with the task of trying to make sense out of a mishmash of overlapping statutes, adopted and amended at different times and, with one possible exception, absent any clear unifying rationale.
That possible exception is, as our opinion points out, where the legislature has explicitly or implicitly mandated third-party or first-party coverage, it has clearly prohibited stacking, absent agreement between the insurer and the insured. Where, on the other hand, it has not statutorily mandated coverage in one fashion or another, the legislature has not clearly prohibited stacking.
Finally, I note that, if in discharging our task of statutory interpretation, the majority has erred on the side of the insured, then, our opinion is at least consistent with this Court’s historical approach in numerous other insurance cases wherein we have enforced Montana’s strong public policy favoring coverage where either the policy language or the law was not clear. See Leibrand, v. Nat. Farmers Union (1995), 272 Mont. 1, 6, 898 P.2d 1220, 1223; Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 358, 849 P.2d 190, 192-93; Head v. Central Reserve Life (1993), 256 Mont. 188, 200, 845 P.2d 735, 742.