No. 98-072

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 329

AMERICAN FAMILY MUTUAL INSURANCE

COMPANY,

Plaintiff and Respondent,

v.

ROSS LIVENGOOD and BRENDA LIVENGOOD,

Defendants and Appellants.

APPEAL FROM: District Court of the Seventh Judicial District,

In and for the County of Dawson,

The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Marvin L. Howe; Simonton, Howe & Schneider, Glendive,

Montana

For Respondent:

Fred E. Whisenand; Crowley, Haughey, Hanson, Toole & Dietrich,

Williston, North Dakota

Submitted on Briefs: July 16, 1998

Decided: December 30, 1998

Filed:

No

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. American Family Mutual Insurance Company (American Family) filed a declaratory judgment action in the Seventh Judicial District Court, Dawson County, seeking a determination of the effect of a "nonowned automobile exclusion" in the policy issued to its insured, Nancy Henninger (Henninger). The District Court granted American Family's motion for summary judgment, concluding that the "nonowned automobile exclusion" is valid and excludes coverage for Henninger in the related negligence action commenced by Ross and Brenda Livengood (the Livengoods). Judgment was entered accordingly, the Livengoods appeal and we affirm.**

**¶2. The overall issue on appeal is whether the District Court erred in granting summary judgment to American Family. The specific issues raised by the Livengoods in that regard are:**

**¶3. 1. Whether the District Court erred in concluding that the "nonowned automobile exclusion" in Henninger's policy applies.**

**¶4. 2. Whether the District Court erred in concluding that the "nonowned automobile exclusion" in Henninger's policy does not violate Montana's public policy.**

**¶5. 3. Whether the District Court erred in concluding that the "nonowned automobile exclusion" in Henninger's policy does not violate the reasonable expectations of the insured.**

*BACKGROUND*

**¶6. Henninger was driving a 1993 Ford van owned by her roommate, Arthur Frehse (Frehse), on July 17, 1995, when she and the Livengoods were involved in a vehicle/ motorcycle accident. The Livengoods sustained injuries in the accident and filed a negligence action against Henninger. Frehse and Henninger had separate automobile liability policies with American Family. American Family defended Henninger in the Livengoods' negligence action under the coverage afforded by the Frehse policy, but denied coverage under the Henninger policy.**

**¶7. American Family subsequently filed the instant action seeking a declaration that Henninger's policy did not obligate it to defend Henninger or pay any compensatory damages for bodily injury recovered by the Livengoods. It contended that Henninger's policy covered compensatory damages for bodily injury arising from Henninger's use of her own vehicle, but expressly excluded coverage--under a provision hereinafter referred to as the nonowned automobile exclusion--while Henninger was operating Frehse's vehicle because Henninger and Frehse were residents of the same household.**

**¶8. Both American Family and the Livengoods moved for summary judgment. The District Court granted American Family's motion, denied the Livengoods' motion, and entered judgment accordingly. The Livengoods appeal.**

*DISCUSSION*

**¶9. The nonowned automobile exclusion at issue in this case provides as follows:**

This coverage does not apply to:

. . . .

9. **Bodily injury** or **property damage** arising out of the **use** of a vehicle, other than **your insured car**, which is owned by or furnished or available for regular use by you or any resident of your household.

The District Court determined that no genuine issue of material fact existed with regard to Henninger and Frehse being residents of the same household and concluded that the nonowned automobile exclusion in Henninger's policy applies. It also concluded that the exclusion did not violate either public policy or the insured's reasonable expectations. On those bases, the District Court granted summary judgment to American Family.

**¶10. We review a district court's grant of summary judgment *de novo*, applying the same Rule 56(c), M.R.Civ.P., criteria used by that court. Stutzman v. Safeco Ins. Co. (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (citations omitted). In establishing the propriety of summary judgment,**

[t]he movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

Bruner v. Yellowstone County (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903 (citations omitted).

*ISSUE ONE*¶11. *Did the District Court err in concluding that the nonowned automobile exclusion in Henninger's policy applies?*

**¶12. The Livengoods first assert that the District Court erred in granting summary judgment to American Family because a genuine issue of material fact exists regarding whether Henninger and Frehse were residents of the same household for purposes of applying the nonowned automobile exception. We disagree.**

**¶13. American Family alleged in its complaint that, at the time of the accident, Henninger and Frehse were residents of the same household. The Livengoods denied that allegation in their answer. Thereafter, however, Henninger and Frehse answered the complaint and admitted that they were residents of the same household on the date of the accident. That admission was sufficient to meet American Family's burden of establishing the absence of a genuine issue of material fact regarding residency in the same household. Thus, the burden shifted to the Livengoods to come forward with substantial evidence, not mere denial or speculation, that a genuine issue of fact existed as to whether Henninger and Frehse were residents of the same**

household. *See Bruner*, 272 Mont. at 264, 900 P.2d at 903.

¶14. The Livengoods did not come forward with any evidence whatsoever, much less substantial evidence, to controvert Henninger and Frehse's admission that they were residents of the same household and, thereby, to raise a genuine issue of fact in that regard. Instead, the Livengoods advanced cases from other jurisdictions setting forth factors tending to indicate whether two persons are residents of the same household. They advance those cases again on appeal, arguing therefrom that questions remain as to those factors in the present case. The problem with the Livengoods' argument, however, is that none of the cases on which they rely involve an admission by the persons involved that they were, in fact, residents of the same household. As a result, the questions the Livengoods raise about the duration and nature of Henninger and Frehse's relationship, their "intentions" regarding the future and the like, are merely speculative and are insufficient to meet their burden of raising a genuine issue of material fact regarding whether Henninger and Frehse were residents of the same household at the time of the accident. We conclude, therefore, that the District Court did not err in determining that no genuine issue of material fact exists regarding Henninger and Frehse being residents of the same household at the time of the accident.

¶15. The Livengoods also contend that the District Court erred in interpreting the nonowned automobile exclusion to require only that the vehicle driven by Henninger at the time of the accident be owned by Frehse, a resident of her household, and in determining, on that basis, that the exclusion applies. They posit that, in order for the exclusion to apply, Frehse also must have either furnished his vehicle--or made it available--for Henninger's "regular use." Again, we disagree.

¶16. As set forth above, the policy language at issue excludes coverage for injury arising out of the insured's use of a vehicle "owned by or furnished or available for regular use by you or any resident of your household." In its common usage, "or" connotes the disjunctive, and it is used to express an alternative or give a choice of one among two or more things. *See* Black's Law Dictionary 1095 (6th ed. 1990). When a provision is written in the disjunctive, it is clear that only one of the separately stated factors must exist. *See* Baldridge v. Board of Trustees (1997), 287 Mont. 53, 62, 951 P.2d 1343, 1349. Indeed, in *Stutzman*, we implicitly interpreted a similarly worded exclusion of a vehicle "owned by or furnished for the regular use of the named insured or any relative" disjunctively, requiring the insurer to establish

only that the vehicle was owned by a relative of the named insured. *Stutzman*, 284 Mont. at 378, 945 P.2d at 35.

¶17. Here, the disjunctive "or" separates each alternative in the nonowned automobile exclusion at issue. As a result, coverage clearly is excluded for injuries arising from Henninger's use of a vehicle--other than her insured car--which is either "owned by" or "furnished or available for regular use" by either Henninger or any resident of her household. American Family established that Henninger was using a vehicle owned by Frehse, a resident of her household, at the time of the accident. It was not required to show that the separately stated alternative regarding a vehicle furnished or made available for her regular use by a resident of her household also was satisfied.

¶18. We hold that the District Court did not err in interpreting the policy language or in concluding that the nonowned automobile exclusion in Henninger's policy applies.

## ISSUE TWO

¶19. Did the District Court err in concluding that the nonowned automobile exclusion in Henninger's policy does not violate Montana's public policy?

¶20. Having rejected the Livengoods' argument that the exclusion at issue did not apply, the District Court also rejected their contention that the nonowned automobile exclusion in Henninger's policy violates Montana's mandatory insurance laws and is void as against public policy pursuant to Transamerica Ins. Co. v. Royle (1983), 202 Mont. 173, 656 P.2d 820. On appeal, the Livengoods continue to rely on *Royle* in contending that the District Court erred.

¶21. In *Royle*, a daughter sued her parents for injuries sustained while a passenger in a car being driven by her mother, owned by her father, and insured by Transamerica. *Royle*, 202 Mont. at 174, 656 P.2d at 821. The parents' insurance policy contained a household exclusion clause which excluded coverage for " 'bodily injury to any person who is related by blood, marriage, or adoption to [the insured], if that person resides in [the insured's] household at the time of loss.' " *Royle*, 202 Mont. at 174, 656 P.2d at 821. Relying on the exclusion, Transamerica refused to

defend and the parents sought a declaratory judgment in federal court that the household exclusion was invalid. *Royle*, 202 Mont. at 174-75, 656 P.2d at 821.

¶22. On certification from the federal court, we addressed whether § 61-6-301(1), MCA, requiring an owner of a motor vehicle to " 'continuously provide insurance *against loss resulting from liability imposed by law* for bodily injury or death or damage to property *suffered by any person. . .* '[,]" prohibited the household exclusion. *Royle*, 202 Mont. at 175, 656 P.2d at 821. Determining that the legislature had expressly outlawed the household exclusion by requiring protection against bodily injury to any person, we held that the household exclusion was void and unenforceable. *Royle*, 202 Mont. at 177, 181, 656 P.2d at 823, 824.

¶23. *Royle* is not applicable here. There, we invalidated the household exclusion because it precluded coverage for injuries to relatives living in the insured's household in violation of the § 61-6-301(1), MCA, mandate that a vehicle owner's policy provide liability coverage for injuries to all persons. *Royle*, 202 Mont. at 181, 656 P.2d at 824. In contrast, Henninger's policy complies with the requirements of § 61-6-301(1), MCA, by providing liability coverage for injuries suffered as the result of her operation of her insured vehicle. The nonowned automobile exclusion in Henninger's policy simply precludes coverage while she uses certain vehicles other than her insured vehicle. It does not preclude coverage for injuries sustained by particular persons in contravention of § 61-6-301(1), MCA, as was the case in *Royle*. Thus, the Livengoods' reliance on *Royle* is misplaced.

¶24. Moreover, we distinguished *Royle* in addressing a household/vehicle exclusion in *Stutzman*. Both Stutzman and her husband were the named insureds in an automobile insurance policy issued by Safeco. *Stutzman*, 284 Mont. at 375, 945 P.2d at 33. Stutzman was injured while a passenger in her husband's vehicle and claimed damages in excess of $200,000. *Stutzman*, 284 Mont. at 375, 945 P.2d at 33. Safeco paid her the $100,000 liability limits under the policy and Stutzman sought additional coverage pursuant to the underinsured motorist benefits provided in the policy. *Stutzman*, 284 Mont. at 375, 945 P.2d at 33-34. Safeco denied the additional coverage based on a policy clause that removed from the definition of "underinsured motor vehicle" any vehicle " 'owned by or furnished for the regular use of the named insured or any relative. . . .' " *Stutzman*, 284 Mont. at 378, 945 P.2d at 35. It argued that, because the vehicle was owned by Stutzman's husband, a relative of the named insured, the vehicle was not an "underinsured motor vehicle" as defined under the

policy and no additional coverage was available. *Stutzman*, 284 Mont. at 378, 945 P.2d at 35.

¶25. Stutzman filed an action in the district court to recover the underinsured motorist benefits. *Stutzman*, 284 Mont. at 374, 945 P.2d at 33. Both parties moved for summary judgment and the district court granted Safeco's motion and denied Stutzman's motion. *Stutzman*, 284 Mont. at 374, 945 P.2d at 33. Stutzman contended on appeal that, pursuant to *Royle*, household exclusion clauses in bodily injury liability cases were void and, therefore, the exclusion in her policy violated Montana's public policy. *Stutzman*, 284 Mont. at 380, 945 P.2d at 37.

¶26. We rejected Stutzman's argument. While not specifically stated in our opinion, Stutzman's policy provided the mandatory liability coverage required by statute at the time of the accident. *Cf. Stutzman*, 284 Mont. at 375, 945 P.2d at 33-34; and §§ 61-6-301(1) and 61-6-103(2)(b), MCA. Thus, unlike the situation in *Royle*, the underinsured motorist coverage at issue in Stutzman was optional, rather than statutorily mandated; as a result, the parties could freely contract regarding exclusions or limitations on the optional coverage. *See Stutzman*, 284 Mont. at 380-81, 945 P.2d at 37. Therefore, while noting that we may invalidate a policy exclusion which violates Montana's mandatory insurance law, we ultimately held that the exclusion at issue--which was not contrary to any statutory mandate--did not violate Montana's public policy. *Stutzman*, 284 Mont. at 380, 382, 945 P.2d at 37.

¶27. In the present case, as in *Stutzman*, Henninger's policy provides the mandatory liability coverage required by §§ 61-6-301(1) and 61-6-103(2)(b), MCA, and the nonowned automobile exclusion is not contrary to any statutory mandate. Thus, on the record before us, we conclude that the nonowned automobile exclusion at issue in the present case does not violate Montana's public policy.

¶28. The Livengoods also present several hypothetical scenarios under which either they or Frehse might have been completely denied coverage for bodily injuries, arguing therefrom that the nonowned automobile exclusion in Henninger's policy is contrary to Montana's public policy. Our function, however, is to interpret the law and apply it to the facts before us. As a result, we decline to address the Livengoods' hypothetical scenarios.

¶29. We hold that the District Court correctly concluded that the nonowned

automobile exclusion in Henninger's policy does not violate Montana's public policy.

## *ISSUE THREE*

¶30. **Did the District Court err in concluding that the nonowned automobile exclusion in Henninger's policy does not violate the reasonable expectations of the insured?**

¶31. **With regard to the Livengoods' "reasonable expectations" argument, the District Court concluded that the nonowned automobile exclusion was clear as to its meaning and intent and, as a result, did not offend Henninger's reasonable expectations. The Livengoods contend that the nonowned automobile exclusion is ambiguous both in and of itself and because of its positioning in the policy. Accordingly, they urge that the exclusion violates the insured's reasonable expectations.**

¶32. **The reasonable expectations doctrine provides that the objectively reasonable expectations of insurance purchasers regarding the terms of their policies should be honored notwithstanding the fact that a painstaking study of the policy would have negated those expectations. *Royle*, 202 Mont. at 180-81, 656 P.2d at 824 (citation omitted). The doctrine is consistent with our strong public policy that insurance is to serve a fundamental protective purpose; moreover, it "goes hand in hand with our rule of strictly construing policy exclusions." Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 358, 849 P.2d 190, 193 (citation omitted).**

¶33. **On the other hand, the reasonable expectations doctrine is inapplicable where the terms of the policy at issue clearly demonstrate an intent to exclude coverage. *Wellcome*, 257 Mont. at 359, 849 P.2d at 194. The reason, of course, is that "[e]xpectations which are contrary to a clear exclusion from coverage are not 'objectively reasonable.' " *See Wellcome*, 257 Mont. at 359, 849 P.2d at 194.**

¶34. **The Livengoods first contend that the exclusion language is ambiguous, thereby offending Henninger's reasonable expectations. Specifically, they claim that the nonowned automobile exclusion is ambiguous because Henninger could have interpreted it to apply only if she and Frehse were residents of the same household and she regularly used Frehse's vehicle. We disagree.**

¶35. We recently addressed the application of the reasonable expectations doctrine to exclusion language in *Stutzman*. The language at issue in Stutzman's policy excluded underinsured motor vehicle coverage for any vehicle " 'owned by or furnished for the regular use of the named insured or any relative. . . .' " *Stutzman*, 284 Mont. at 378, 945 P.2d at 35. Stutzman's first contention on appeal was that the term "relative" was ambiguous with regard to whether it included a spouse. *Stutzman*, 284 Mont. at 379, 945 P.2d at 36.

¶36. We began our discussion by reiterating the ambiguity principles applicable to insurance policies: 1.) that we will construe any ambiguity in a policy strictly against the insurer; and 2.) that we will not create an ambiguity where none exists, but will "interpret the terms of an insurance policy, . . . according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products." *Stutzman*, 284 Mont. at 379, 945 P.2d at 36 (citations omitted). We concluded that, when applying a common sense interpretation to the term "relative," the average consumer would conclude that the term included his or her spouse. *Stutzman*, 284 Mont. at 379-80, 945 P.2d at 36. We also concluded that, even when strictly construed against the insurer and from the perspective of the average consumer of insurance, the exclusionary language clearly and unambiguously excluded vehicles from the definition of an underinsured motor vehicle if owned by a relative, including a spouse, of the insured. *Stutzman*, 284 Mont. at 380, 945 P.2d at 36.

¶37. Stutzman also contended that the exclusion was void because it violated her reasonable expectations as an insured. *Stutzman*, 284 Mont. at 381, 945 P.2d at 37. We referred back to our conclusion that the exclusion clearly and unambiguously included one's spouse and, in reliance thereon, determined that any expectation by the insured to the contrary would not be objectively reasonable. *Stutzman*, 284 Mont. at 381, 945 P.2d at 37. Consequently, we held that the exclusion did not violate the reasonable expectations of the insured. *Stutzman*, 284 Mont. at 382, 945 P.2d at 37.

¶38. As discussed above, the use of disjunctives to separate each alternative in the nonowned automobile exclusion in Henninger's policy clearly precluded coverage for injuries arising from Henninger's use of a vehicle owned by a resident of her household. Thus, while strictly construing the nonowned automobile exclusion against American Family and applying a common sense meaning as viewed from the perspective of a reasonable consumer of insurance products, we conclude that the

exclusion clearly and unambiguously precludes coverage under the facts before us. As a result, the nonowned automobile exclusion in Henninger's policy clearly demonstrates an intent to exclude coverage while Henninger was using a vehicle owned by Frehse, a resident of her household, and any expectation by Henninger to the contrary would not be objectively reasonable. *See Stutzman*, 284 Mont. at 381, 945 P.2d at 37 (citation omitted).

¶39. The Livengoods also contend that, under Shook v. State Farm Mut. Ins. of Bloomington, Ill. (D.Mont. 1994), 872 F.Supp. 768, the nonowned automobile exclusion is ambiguous via its positioning in the policy and, as a result, violates the reasonable expectations of the insured. American Family responds that the Livengoods did not raise this "positioning" contention in support of their reasonable expectations argument in the District Court and, as a result, they may not raise it on appeal. We agree.

¶40. The entirety of the Livengoods' reasonable expectations argument in the District Court was set forth in two paragraphs. The first paragraph merely asserted in conclusory fashion that the nonowned automobile exclusion at issue was invalid in failing to honor the reasonable expectations of the purchaser and cited to our description of the reasonable expectations doctrine in *Royle.* The second paragraph simply stated that the exclusion was void and unenforceable because it violated the § 61-6-301(1), MCA, requirement that motorists carry insurance against loss resulting in liability imposed by law for injuries suffered by any person. We addressed this latter contention above and concluded that the nonowned automobile exclusion contained in Henninger's does not violate § 61-6-301(1), MCA.

¶41. It is clear that the Livengoods' reasonable expectations argument in the District Court did not include a *Shook*-style positioning contention. It is equally clear that a party may not raise a new theory on appeal. *See* Clover Leaf Dairy v. State (1997), 285 Mont. 380, 387, 948 P.2d 1164, 1168 (citation omitted). As a result, we decline to address this contention.

¶42. We hold that the District Court correctly concluded that the nonowned automobile exclusion in Henninger's policy did not violate the reasonable expectations of the insured.

¶43. Affirmed.

No

/S/ KARLA M. GRAY

We concur:


/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON