The APARTMENT STORE, a Montana corporation, Plaintiff—Appellant,

v.

MOUNT VERNON FIRE INSURANCE COMPANY, a Pennsylvania corporation, Defendant—Appellee.

No. 03–36003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided May 17, 2005.

Randy J. Cox, Esq., Matthew B. Hayhurst, Esq., Boone Karlberg P.C., Missoula, MT, for Plaintiff–Appellant.

Glenn E. Tremper, Esq., Jean E. Faure, Esq., Church, Harris, Johnson and Williams, P.C., Great Falls, MT, for Defendant–Appellee.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM *

The Apartment Store appeals the district court's grant of summary judgment in favor of Mount Vernon Fire and Insurance Co. The Apartment Store contends that Mount Vernon had a duty to defend and indemnify it in two lawsuits brought by former tenants. We have jurisdiction over this diversity action under 28 U.S.C. § 1291 and we apply Montana law. *See Bell Lavalin, Inc. v. Simcoe and Erie Gen. Ins. Co.*, 61 F.3d 742, 745 (9th Cir.1995). We review de novo the district court's grant of summary judgment, *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 944 (9th Cir.2004), and we affirm.

Under Montana law, "[t]he duty to defend arises when a complaint against an insured alleges facts, which if proven, would result in coverage." *Farmers Union Mut. Ins. Co. v. Staples*, 321 Mont. 99,

90 P.3d 381, 385 (2004). "[T]he proper focus of [this] inquiry is the acts giving rise to coverage, not the language of the complaint." *Burns v. Underwriters Adjusting Co.*, 234 Mont. 508, 765 P.2d 712, 713 (1988). The "duty to defend may be triggered by notification to the insured of facts asserted in the pleadings, discovery, or final issues declared ready for trial, giving rise to potential liability under the policy." *Liberty Bank of Mont. v. Travelers Indem. Co. of Am.*, 870 F.2d 1504, 1506 (9th Cir.1989).

The Apartment Store contends that four claims in the underlying complaints were covered by the Property Managers Errors and Omissions Liability Policy: (1) breach of the covenant of good faith and fair dealing, (2) violations of the Consumer Protection Act, (3) negligence, and (4) spoliation of evidence.

Even assuming that each of these counts alleged conduct covered as Wrongful Acts under the policy, the claims did not trigger Mount Vernon's duty to defend because they were excluded from coverage under Exclusion S. This exclusionary provision provided that Mount Vernon "shall not be liable to make payment for Loss or Defense Costs in connection with any Claim made against any Insured arising out of, directly or indirectly resulting from or in-consequence of, or in any way involving . . . the return of rents, security deposits or any other funds held by an Insured."

The Apartment Store contends that Exclusion S is ambiguous and therefore, under *Pablo v. Moore*, 298 Mont. 393, 995 P.2d 460 (2000), only excludes claims that specifically allege the wrongful withholding of the security deposit. Under Montana law, "[i]f the terms of an insurance policy are ambiguous, obscure, or open to different constructions, the construction most favorable to the insured or other beneficiary must prevail, particularly if an ambigu-

ous provision attempts to exclude the liability of the insurer." *Id.* at 463. "An ambiguity exists when a contract taken as a whole in its wording or phraseology is reasonably subject to two different interpretations." *Jacobsen v. Farmers Union Mut. Ins. Co.*, 320 Mont. 375, 87 P.3d 995, 997–98 (2004) (citation omitted).

Although the Montana Supreme Court has concluded that the terms "arising out of" and "resulting from" are ambiguous terms, *Pablo*, 995 P.2d at 462–63; *State Farm Mut. Auto. Ins. Co. v. Ferrin*, 311 Mont. 155, 54 P.3d 21, 23 (2002), Exclusion S is not ambiguous. The additional phrases in Exclusion S clarify that the parties intended to exclude claims that involve, even if they are not directly caused by, the return of the security deposit. Therefore, Exclusion S is not "reasonably subject to two different interpretations." *Jacobsen*, 87 P.3d at 998.

Further, interpreting Exclusion S by applying the "usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products," *Stutzman v. Safeco Ins. Co. of Am.*, 284 Mont. 372, 945 P.2d 32, 34 (1997), the provision excludes coverage of the four claims that The Apartment Store contends trigger Mount Vernon's duty to defend. The alleged acts underlying these claims are The Apartment Store's failure to supply a cleaning notice, the failure to properly record deductions on the Move–Out Cost list, the alteration of the dates on the security deposit disposition sheet, and the improper lease provisions rendering a portion of the deposit non-refundable. Thus, the claims at issue are excluded from coverage because they constitute claims "arising out of, directly or indirectly resulting from or inconsequence of, or in any way involving . . . the return of . . . the security deposit[ ]." Under these circumstances,

Mount Vernon did not have a duty to defend or indemnify The Apartment Store.

AFFIRMED.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the