

DA 06-0517

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 47

CARLA LAMMERS,

        Plaintiff and Appellant,

    v.

SHAWN MOUN, a/k/a  SHAWN MOUA,
d/b/a ORIENTAL EXPRESS RESTAURANT;
ALLSTATE INSURANCE COMPANY,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-03-587
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Michael L. Fanning and James G. Hunt, Hunt Law Firm, Helena, Montana

        For Appellees:

        Gavin W. Murphy and Calvin J. Stacey, Stacey & Funyak, Billings, Montana

Submitted on Briefs:  May 9, 2007

Decided:  February 12, 2008

Filed:

_____
                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Carla Lammers appeals an order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment in favor of the defendant Allstate Insurance Company.  The District Court ruled that Lammers' loss of personal property, which was destroyed in a fire, was not insured under her landlord's insurance policy issued by Allstate.

¶2    We restate and address the issue on appeal as follows:  Did the District Court err in ruling that the lessee, Lammers, could not recover from Allstate, which issued an insurance policy to her lessor?

¶3    Lammers formerly owned a commercial building in Hardin, Montana, known as the Solazzi Building.  In January 2000, Lammers sold the building to Cory Kenney, who leased back a part of the building to Lammers.  She used her leased space in the building for a variety of business enterprises, as well as storing personal belongings.

¶4    On July 26, 2001, a fire occurred at the Solazzi Building, which Lammers claims destroyed much of her property.  Prior to the fire, the lessor, Kenney, had purchased a "Customizer Business Insurance Policy Special Form" insurance policy from Allstate which was in effect at the time of the fire.

¶5    The policy contains two types of coverage, Coverage A – Business Property and Coverage B – Business Liability.  Under the Business Property section of the policy, describing the property it covers, the policy states:

> Property Covered — Buildings
> This policy covers the replacement cost (or the actual cash value, if such is indicated in the Declarations) of the building(s) for which a description and limit of liability is shown in the Declarations.  This coverage includes the following items when on the same premises:

2

\* \* \* \*

6. Personal property in apartments or rooms you furnish as landlord.

¶6     Following the fire, Kenney sent a letter to Allstate requesting that it cover Lammers' losses in the fire. Allstate did not explicitly deny coverage, nor did it pay any part of Lammers' loss. Lammers then filed a complaint seeking damages from Allstate, as well as from several other defendants. Lammers subsequently filed a motion for partial summary judgment, claiming coverage under Kenney's insurance policy with Allstate. Allstate filed a cross-motion for summary judgment, asserting Lammers had no coverage under its policy.

¶7     At the hearing on the motion for summary judgment, the District Court issued a ruling from the bench granting Allstate's motion for summary judgment. The District Court noted the lack of clarity in the description of what personal property the insurance policy covered, because the language did not expressly state whether it covered only the insured's personal property or also provided coverage for a tenant's personal property. The District Court then denied Lammers' motion for summary judgment and granted Allstate's summary judgment motion, dismissing the claim against Allstate with prejudice.

¶8     Following the resolution of Lammers' claims against other defendants, the District Court entered a final judgment in favor of Allstate on June 27, 2006. Lammers now appeals.

¶9     We review a district court's grant of summary judgment de novo. *Gliko v. Permann*, 2006 MT 30, ¶ 12, 331 Mont. 112, ¶ 12, 130 P.3d 155, ¶ 12. The moving party must establish that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c).

¶10 Whether coverage exists under an insurance policy presents a question of law, and we review whether the District Court correctly interpreted the provisions of Allstate's policy. *Wendell v. State Farm Mut. Automobile Ins. Co.*, 1999 MT 17, ¶ 10, 293 Mont. 140, ¶ 10, 974 P.2d 623, ¶ 10.

¶11 We construe an insurance policy "according to the entirety of its terms and conditions as set forth in the policy." Section 33-15-316, MCA. This means that we will read the contract as a whole and attempt to reconcile its parts to give each meaning and effect. *Farmers Alliance Mut. Ins. Co. v. Holeman*, 1998 MT 155, ¶ 25, 289 Mont. 312, ¶ 25, 961 P.2d 114, ¶ 25.

¶12 It is well-settled Montana law that ambiguities in an insurance policy will be construed against the insurer. *Jacobsen v. Farmers Union Mut. Ins. Co.*, 2004 MT 72, ¶ 19, 320 Mont. 375, ¶ 19, 87 P.3d 995, ¶ 19; *Pablo v. Moore*, 2000 MT 48, ¶ 17, 298 Mont. 393, ¶ 17, 995 P.2d 460, ¶ 17; *Holeman*, ¶ 25; *Wendell*, ¶ 14. An insurance policy is ambiguous "where the contract, when taken as a whole, is reasonably subject to two different interpretations." *Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶ 26, 315 Mont. 281, ¶ 26, 68 P.3d 703, ¶ 26 (citing *Holeman*, ¶ 25). To determine if an insurance policy is ambiguous, we examine it "from the viewpoint of a consumer with average intelligence but not trained in the law or insurance business." *Jacobsen*, ¶ 19 (citing *Wendell*, ¶ 14.).

¶13 Lammers argues the policy is ambiguous because it did not clearly state whose personal property it covered. We agree. The policy states that coverage applies to "[p]ersonal property in apartments or rooms you furnish as landlord" in the building covered by the policy, in this case the Solazzi Building. This language of the policy is ambiguous

4

because it is reasonably subject to two different interpretations. *Mitchell*, ¶ 26. The policy language could, as Allstate contends, mean that only personal property owned by the landlord is covered. However, the language used does not clearly say so. A reasonable interpretation of this language by an insured is that the policy applies to property of others as well as that owned by Kenney when it is located in rooms Kenney provides as a landlord. It would have been simple for Allstate to draft its policy so as to state that coverage is limited to personal property owned by the insured, Kenney. It did not do so.

¶14 The District Court judge noted that there were two possible interpretations of the applicable policy language by stating that a person reading the policy "can't be sure . . . whether the personal property is insured's personal property or tenant's personal property. It could be either one." Not only from the viewpoint of an insurance consumer of average intelligence, but also to someone trained in the law, the policy is ambiguous. Because the policy provision establishing coverage for personal property is ambiguous, we must construe it against Allstate and in favor of providing coverage. *Jacobsen*, ¶ 19.

¶15 Allstate also presents an argument, in a rather cursory fashion, that Lammers, as the tenant, is not entitled to coverage under her landlord's policy. Allstate points to a separate provision of the policy, Coverage B, which insures Kenney against liability to others, and argues that because Lammers is not named as an insured, her property is not covered. However, as Lammers notes, the policy provision stating who are the "Persons Insured" specifically applies to a separate portion of the policy, Coverage B, which provides liability insurance. This separate section of the policy does not state that it is also applicable to Coverage A, under which Lammers claims coverage. Allstate points out no particular

5

provision of its policy which clearly precludes insurance coverage for Lammers' loss. Again, under these circumstances, we will construe the policy in favor of providing coverage. *Jacobsen*, ¶ 19.

¶16    Lammers also argues that she is entitled to coverage for the loss of her property under separate provisions of Allstate's policy providing coverage for business property. However, because we conclude her claimed loss is covered by the policy's buildings coverage provisions, we need not consider this argument.

¶17    We conclude that the insurance policy is ambiguous and, therefore, it must be construed in favor of providing coverage to Lammers. The order granting Allstate's motion for summary judgment is reversed, and this case is remanded to the District Court for further proceedings.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON