The ESTATE OF Alexander MITCH-
ELL; Leroy Mitchell individually and
as Personal Representative of the Es-
tate; Jennie Melton, Plaintiffs–Appel-
lants,

v.

AMERICAN RELIABLE INSURANCE
CO., Defendant–Appellee.

v.

American Reliable Insurance Co.,
Defendant–Appellant.

Nos. 08–35557, 08–35570.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2009.

Filed Oct. 16, 2009.

Daniel P. Buckley, Esquire, Buckley
Law Office PC, Lucas J. Foust, Esquire,

**152**

Foust Law Office, Bozeman, MT, Leonard J. Feldman, Esquire, Stoel Rives, LLP, Seattle, WA, for Plaintiffs–Appellants.

Kenneth D. Tolliver, Esquire, Matthew Browning Gallinger, Esquire, Tolliver Law Firm, P.C., Billings, MT, for Defendant–Appellee.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

MEMORANDUM *

The Estate of Mitchell appeals the district court's grant of summary judgment with respect to its breach of contract and declaratory judgment action against American Reliable Insurance Company ("ARIC"). ARIC cross-appeals the district court's order extending the time to file a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1). We affirm the district court's order extending the time to file an appeal, reverse its grant of summary judgment, and remand for further proceedings.

"We review for abuse of discretion a district court's decision to grant or deny a motion for an extension of time to file a notice of appeal." *Pincay v. Andrews,* 389 F.3d 853, 858 (9th Cir.2004) (en banc). "We review the grant or denial of summary judgment de novo," viewing evidence in the light most favorable to the nonmoving party. *Leever v. Carson City,* 360 F.3d 1014, 1017 (9th Cir.2004).

*I. Extension of Time to File Appeal*

Lucas Foust was appellant's counsel of record, and he had notice that judgment had been entered. Because "notice served upon a party's attorney of record is adequate," *Guam Econ. Dev. Auth. v. Ulloa,* 841 F.2d 990, 993 (9th Cir.1988), the district court erred in concluding that appellants were entitled to reopen the time to file an appeal under Fed. R.App. P. 4(a)(6).

ARIC contends that the panel may not affirm the district court's order on alternative grounds. However, an "argument[ ] that support[s] the judgment as entered can be made without a cross-appeal." *Engleson v. Burlington N. R.R. Co.,* 972 F.2d 1038, 1041 (9th Cir.1992). Here, counsel for the Estate of Mitchell were entitled to reopen the time to file an appeal under Fed. R.App. P. 4(a)(5).

■ Although this court has declined to delineate a rigid rule for identifying inexcusable neglect, *see Pincay,* 389 F.3d at 860, in the instant case the record amply supports a finding of excusable neglect. ARIC anticipated an appeal and thus was not prejudiced. The thirteen-day delay had no significant impact on the proceedings. The electronic failure was beyond the parties' control. Buckley's reliance on the advice of his electronic service provider was reasonable. The court had Buckley's information, and Foust could not be expected to anticipate Buckley's e-mail failure. Further, all of the relevant parties acted in good faith. Buckley diligently filed the motion within three days of discovering that the server failed. Accordingly, Buckley's failure to request an extension of time to file in a timely manner was excusable neglect pursuant to Fed. R.App. P. 4(a)(5), *see Pioneer Inv. Servs.*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and the district court did not abuse its discretion when it allowed the appellants to reopen the time to file an appeal. Accordingly, we affirm the district court's order reopening the time to file an appeal.

## II. *Duty to Defend*

■ The language of an insurance policy governs if it is clear and explicit, *Wellcome v. Home Ins. Co.* (1993) 257 Mont. 354, 356, 849 P.2d 190, 192 (citations omitted). Exclusions are construed narrowly and ambiguities are construed against the insurer. *Id.* The provision excluding injuries "arising out of" the use of a motor vehicle is "reasonably subject to more than one interpretation." *Pablo v. Moore,* 2000 MT 48, ¶ 16, 298 Mont. 393, ¶ 16, 995 P.2d 460, ¶ 16. Thus, whether the ARIC policy covered a claim for negligence independent of the use of a vehicle, such as the Sumidas' claims for negligent supervision and negligent entrustment, is ambiguous under Montana law and must be construed against ARIC. Therefore, ARIC breached its duty when it refused to defend the insured. *See Nielsen v. TIG Ins. Co.,* 442 F.Supp.2d 972, 976 (D.Mont.2006).

Accordingly, we reverse the district court's grant of summary judgment and remand for further proceedings consistent with this decision.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part and REMANDED.**

IKUTA, Circuit Judge, dissenting:

Although I agree with the majority that the district court erred in its application of Fed. R.App. P. 4(a)(6), I disagree with the majority's decision that it can rely on Fed. R.App. P. 4(a)(5) to uphold the district court's erroneous ruling. In determining whether a party is entitled to relief from a procedural error under Rule 4(a)(5), a district court must apply the factors set forth by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). An en banc panel of this court held that we must "leave the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case." *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004) (en banc). Instead of following *Pincay,* the majority accepts as fact the Estate's allegations that ARIC anticipated an appeal, that the thirteen-day delay had no significant impact on the proceedings, and that the electronic failure was beyond the parties' control. Maj. Op. at 152. The majority then makes its own finding that all of the relevant parties acted in good faith. *Id.* Based on these findings, the majority resolves the equities in the Estate's favor.

As noted in oral argument, however, ARIC had no opportunity to argue the equities or dispute any of these supposed facts, and it is not our role here to engage in factfinding. We stated in *Pincay* that "the decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court because the district court is in a better position than we are" to determine the facts and evaluate the relevant factors. 389 F.3d at 859. Therefore, I would reverse and remand for the district court to exercise its discretion under Rule 4(a)(5).