MEMORANDUM *
The Estate of Mitchell appeals the district court’s grant of summary judgment with respect to its breach of contract and declaratory judgment action against American Reliable Insurance Company (“ARIC”). ARIC cross-appeals the district court’s order extending the time to file a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1). We affirm the district court’s order extending the time to file an appeal, reverse its grant of summary judgment, and remand for further proceedings.
“We review for abuse of discretion a district court’s decision to grant or deny a motion for an extension of time to file a notice of appeal.” Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir.2004) (en banc). “We review the grant or denial of summary judgment de novo,” viewing evidence in the light most favorable to the nonmoving party. Leever v. Carson City, 360 F.3d 1014, 1017 (9th Cir.2004).
I. Extension of Time to File Appeal
Lucas Foust was appellant’s counsel of record, and he had notice that judgment had been entered. Because “notice served upon a party’s attorney of record is adequate,” Guam Econ. Dev. Auth. v. Ulloa, 841 F.2d 990, 993 (9th Cir.1988), the district court erred in concluding that appellants were entitled to reopen the time to file an appeal under Fed.R.App. P. 4(a)(6).
ARIC contends that the panel may not affirm the district court’s order on alternative grounds. However, an “argument!] that supports] the judgment as entered can be made without a cross-appeal.” Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1041 (9th Cir.1992). Here, counsel for the Estate of Mitchell were entitled to reopen the time to file an appeal under Fed.R.App. P. 4(a)(5).
Although this court has declined to delineate a rigid rule for identifying inexcusable neglect, see Pincay, 389 F.3d at 860, in the instant case the record amply supports a finding of excusable neglect. ARIC anticipated an appeal and thus was not prejudiced. The thirteen-day delay had no significant impact on the proceedings. The electronic failure was beyond the parties’ control. Buckley’s reliance on the advice of his electronic service provider was reasonable. The court had Buckley’s information, and Foust could not be expected to anticipate Buckley’s e-mail failure. Further, all of the relevant parties acted in good faith. Buckley diligently filed the motion within three days of discovering that the server failed. Accordingly, Buckley’s failure to request an extension of time to file in a timely manner was excusable neglect pursuant to Fed.R.App. P. 4(a)(5), see Pioneer Inv. Servs. *153 Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and the district court did not abuse its discretion when it allowed the appellants to reopen the time to file an appeal. Accordingly, we affirm the district court’s order reopening the time to file an appeal.
II. Duty to Defend
The language of an insurance policy governs if it is clear and explicit, Wellcome v. Home Ins. Co. (1993) 257 Mont. 354, 356, 849 P.2d 190, 192 (citations omitted). Exclusions are construed narrowly and ambiguities are construed against the insurer. Id. The provision excluding injuries “arising out of’ the use of a motor vehicle is “reasonably subject to more than one interpretation.” Pablo v. Moore, 2000 MT 48, ¶ 16, 298 Mont. 393, ¶ 16, 995 P.2d 460, ¶ 16. Thus, whether the ARIC policy covered a claim for negligence independent of the use of a vehicle, such as the Sumidas’ claims for negligent supervision and negligent entrustment, is ambiguous under Montana law and must be construed against ARIC. Therefore, ARIC breached its duty when it refused to defend the insured. See Nielsen v. TIG Ins. Co., 442 F.Supp.2d 972, 976 (D.Mont.2006).
Accordingly, we reverse the district court’s grant of summary judgment and remand for further proceedings consistent with this decision.
Each party shall bear its own costs on appeal.
AFFIRMED in part, REVERSED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.