DA 09-0523

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 191

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff and Appellee,

  v.

FRANK FREYER, as Personal Representative
of the Estate of Heath Evans Freyer, and as
Conservator of the Estate of Alicia Freyer,
a Minor Child, and VAIL FREYER,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 07-754A
                 Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant Frank Freyer:

          Allan H. Baris, Moore, O'Connell & Refling, P.C., Bozeman, Montana

      For Appellant Vail Freyer:

          Daniel P. Buckley, Buckley Law Office, P.C., Bozeman, Montana

      For Appellee:

          Robert F. James, Cathy J. Lewis, Ugrin, Alexander, Zadick
          & Higgins, P.C., Great Falls, Montana

                              Submitted on Briefs:  April 21, 2010

                                    Decided:  August 27, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Heath Freyer, his wife, Vail, and their daughter, Alicia, were involved in an automobile accident in October 2003. Heath was killed and Alicia was injured in the accident. Frank Freyer, Heath's father, was appointed personal representative of Heath's estate and conservator of Alicia's estate. Frank made a claim for benefits under Heath and Vail's State Farm policy. State Farm paid benefits in accordance with its interpretation of the policy. Frank and Vail both disputed State Farm's determination of policy benefits. State Farm sought declaratory judgment to determine coverage. The Eighteenth Judicial District Court ruled State Farm had accurately determined and paid benefits. Frank and Vail appeal. We reverse and remand.

## ISSUE

¶2 A restatement of the issue on appeal is whether the District Court erred in granting State Farm's motion for partial summary judgment vis-à-vis the insurer's interpretation of the policy's Limits of Liability clause.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Heath, Vail, and their then three-month-old daughter, Alicia, were traveling southbound on South 19th Avenue near Bozeman, Montana, on the evening of October 25, 2003. Vail was driving when their car collided with another vehicle driven by Michelle Manning. Vail lost control of her car, it rolled, and Heath was ejected, suffering serious injury. He subsequently died from his injuries. Alicia, who was confined by her car seat, also suffered injuries resulting in over $2,500 for medical treatment.

3

¶4     Frank sued Vail and Manning, seeking to recover damages on behalf of Heath's estate and Alicia. That case is pending before another district court judge. Manning's insurer paid Heath's estate $50,000 representing the "each accident" policy limit in Manning's policy. In addition, State Farm paid Heath's estate the "Each Person" policy limit of $50,000, and separately paid the medical expenses for Alicia. Frank, seeking additional damages, demanded that State Farm pay to Alicia wrongful death and survivorship benefits arising from her father's death, arguing that these additional benefits should be paid out of the policy's $50,000 "Each Person" limit for Alicia. Such payment would, when added to the $50,000 paid to Heath's estate, exhaust the $100,000 "Each Accident" policy limit. The insurer refused, and in October 2007 filed a Complaint for Declaratory Judgment arguing that it had fulfilled its contractual obligations as they pertained to Heath's death.

¶5     In May 2008, State Farm filed a motion for partial summary judgment, asserting that under the unambiguous terms of the insurance contract, it had fully satisfied its responsibilities to Heath's estate arising from his death and was entitled to judgment as a matter of law. Both Frank and Vail subsequently filed motions for summary judgment as well. On July 9, 2008, the District Court held a hearing on the motions. On May 1, 2009, the court issued its order determining that the policy "definition of 'bodily injury to one person' " is not ambiguous, contrary to Frank's argument. The court ruled that "[a]ny claims asserted by Alicia related to the wrongful death or survivorship of her father are restricted by his 'Each Person' policy limit." It therefore granted State Farm's motion as to that issue. Frank and Vail appeal. We reverse and remand.

4

## STANDARD OF REVIEW

¶6 We review a district court's ruling on summary judgment de novo. *Hern v. Safeco Ins. Co. of Illinois*, 2005 MT 301, ¶ 18, 329 Mont. 347, 125 P.3d 597. The interpretation of a contract presents a question of law which we review for correctness. *Modroo v. Nationwide Mut. Fire Ins.*, 2008 MT 275, ¶ 23, 345 Mont. 262, 191 P.3d 389. We examine insurance contracts as a whole, with no special deference to specific clauses. We accord the usual meaning to the terms and the words in an insurance contract, and we construe them using common sense. An insurance contract is ambiguous if it is "reasonably subject to two different interpretations." We determine whether an ambiguity exists from the viewpoint of a consumer with average intelligence, but untrained in the law or the insurance business. We construe ambiguities in an insurance contract against the insurer and in favor of extending coverage. *Modroo*, ¶ 23.

## DISCUSSION

¶7 The Limits of Liability insurance clause at the center of this case states:

> The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability-Coverage A-Bodily Injury, Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to other persons, including emotional distress, sustained by such other persons who do not sustain bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident. [Emphasis in original removed.]

"Bodily injury" is defined in the policy as "physical bodily injury to a person and sickness, disease or death which results from it. A person does not sustain bodily injury

5

if they suffer emotional distress in the absence of physical bodily injury." The Freyer policy indicated that the "Each Person" limit is $50,000 and the "Each Accident" limit is $100,000.

¶8 At issue in this case is the tension between our jurisprudence concerning "derivative" damages, and the language of this particular State Farm policy. Derivative damages are damages that "derive" from another person's injury or wrongful death. They are typically sought by the spouse or children of the injured or deceased person, and include, among other things, loss of consortium, loss of support, grief, sorrow, and mental anguish. *Mikelson v. Montana Rail Link, Inc*. 2000 MT 111, ¶ 110, 299 Mont. 348, 999 P.2d 985; *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 9, 321 Mont. 99, 90 P.3d 381; *Allstate v. Wagner-Ellsworth*, 2008 MT 240, 344 Mont. 445, 188 P.3d 1042. In *Wagner-Ellsworth*, we held, essentially, that under the policy provision there at issue, the claims of family members for derivative losses sustained as a result of another family member's bodily injury must be recovered under the "each person" limit of the insured who sustained bodily injury. *Wagner-Ellsworth*, ¶ 24.

¶9 In the case before us, Alicia is seeking both direct damages as a result of her bodily injury <u>and</u> derivative damages arising from the loss of her father. Setting aside her claim for her own bodily injury which State Farm paid, the question presented is whether Alicia's claim for damages deriving from Heath's death should be satisfied out of her $50,000 "Each Person" policy limit rather than being subsumed in the "Each Person" limit already paid to Heath's estate. The resolution of this question hinges not upon our "derivative damages" jurisprudence, but upon the language contained in the above clause.

6

¶10   Frank focuses upon the following sentence contained in the insurance policy clause set forth above: " 'Bodily injury to one person' includes all injury and damages to other persons, including emotional distress, sustained by other persons *who do not sustain bodily injury*." (Emphasis added.)  Frank maintains that this sentence grants Alicia the right to claim both her direct and derivative damages up to the policy's "Each Person" and "Each Accident" limits because she—unlike one who might be seeking purely derivative damages—actually "sustain[ed] bodily injury."  Therefore, she asserts she is entitled to claim "Each Person" benefits under the policy up to $50,000, to include damages associated with her bodily injury as well as damages occasioned by the loss of her father.

¶11   State Farm counters that Heath's "Each Person" limit of $50,000 encompassed all independent and derivative claims arising out of Heath's death.  In other words, the $50,000 State Farm paid to Heath's estate after his death covered Heath's bodily injuries *as well as* any possible claims by Heath's family members based on his wrongful death or survivorship.  State Farm asserts that the District Court correctly interpreted its policy to mean that "[w]hen someone else sustains bodily injury, that person is entitled to his or her own Each Person limit for his or her own bodily injury, but not for damages that are the consequence of another's bodily injury."  The insurer further argues that because all potential derivative claims arising as a result of Heath's death were encompassed within the benefit paid to Heath's estate, Alicia may not "transfer" her derivative claims resulting from her father's death to her own "Each Person" policy limit or the "Each Accident" policy limit.

¶12    The policy provides a $50,000 "Each Person" limit and a $100,000 "Each Accident" limit. The "Each Person" policy explanation merely states the maximum amount the insurer will pay for one insured's bodily injury. In the case before us, two people suffered bodily injury—Heath and Alicia. The third sentence of the Limits of Liability clause at issue here applies, by its terms, to derivative claims of persons "who do not sustain bodily injury." It is thus inapplicable to Alicia.

¶13    The Limits of Liability clause provides that "Under 'Each Accident' is the total amount of coverage, subject to the amount shown under 'Each Person' for all damages due to bodily injury of two or more persons in the same accident." This sentence provides that where two or more persons are injured in the same accident, the maximum amount that will be paid is $100,000, and the phrase "subject to the amount shown under Each Person" provides that no one person can receive more than $50,000. We conclude that the complete and plain language of this Limits of Liability Clause must be interpreted to mean that because two people suffered bodily injury, the "Each Accident" limit of $100,000 is available and the "Each Person" limitation of $50,000 applies separately to Heath's claim and to Alicia's claim. Because Alicia suffered a bodily injury, her "Each Person" limit covers both her direct damages for her physical injury and her derivative damages for the loss of her father up to $50,000.

¶14    To interpret the policy as urged by State Farm would require that we ignore the existence of the clause confining its limitation to those claimants "who do not sustain bodily injury," and would thus require us to omit from consideration what has been inserted into the policy. The interpretation we apply here gives effect to *all* of the

8

provisions in the policy language and, from the viewpoint of the ordinary consumer and Frank, is a reasonable interpretation of the policy language chosen by the insurer.

¶15 Alternatively, if the insurance contract is ambiguous because it is "reasonably subject to two different interpretations," *Mitchell v. State Farm Ins. Co.,* 2003 MT 102, ¶ 26, 315 Mont. 281, 68 P.3d 703, the construction most favorable to the insured or other beneficiary must prevail, particularly if an ambiguous provision attempts to exclude the liability of the insurer. *Pablo v. Moore*, 2000 MT 48, ¶ 17, 298 Mont. 393, 995 P.2d 460. Under either a plain language or an ambiguous clause analysis, Alicia is entitled to the coverage she seeks.

¶16 In closing, we emphasize that it is the particular language of the policy before us that drives our decision. It is not our intention here to alter our "derivative claims" jurisprudence as most recently set forth in *Wagner-Ellsworth*.

## CONCLUSION

¶17 For the foregoing reasons, we reverse the District Court's order granting partial summary judgment in favor of State Farm, and remand for issuance of a declaratory judgment consistent with the interpretation of the policy language set forth above.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON

9

/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

Justice Jim Rice, dissenting.

¶18    I believe the Court has erred by adopting a policy interpretation offered by Appellants which is nonsensical.  Further, I believe this decision directly conflicts with our precedent regarding coverage for derivative claims.

¶19    To illustrate, Alicia's *bodily* injury claim was paid by State Farm pursuant to her own "Each Person" limit, which is defined by the same language at issue here:

> Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person.  "Bodily injury to one person" includes all injury and damages to other persons, including emotional distress, sustained by such other persons who do not sustain bodily injury.

(Emphasis omitted.)  Alicia's bodily injuries were paid under this provision because it includes and covers her bodily injuries.  Obviously, the phrase "[b]odily injury to one person" *includes* bodily injuries, and, likewise, the "Each Person" limit applies "for all damages due to bodily injury to one person."  There is no dispute about this.  Nonetheless, when analyzing Alicia's *derivative* claim, the Court concludes that this identical language applies only to persons who have *not* sustained a bodily injury, and is thus inapplicable to Alicia.  *See* Opinion, ¶ 12.  This interpretation requires, for derivative claims, that the phrase "[b]odily injury to one person" *excludes* persons who have suffered a bodily injury.  I believe this is a nonsensical rendering of the policy.

10

¶20 Pursuant to the above language, the "Each Person" coverage for Heath's bodily injuries "is the amount of coverage for *all damages* due to bodily injury to one person." (Emphasis added.) "[A]ll damages" due to Heath's bodily injuries necessarily includes Alicia's derivative damages. Thus, this provision is consistent with our clear precedent providing that derivative claims are made against the "Each Person" limits of the injured party, here Heath. *See e.g. Allstate Ins. Co. v. Wagner-Ellsworth*, 2008 MT 240, ¶ 24, 344 Mont. 445, 188 P.3d 1042; *Bain v. Gleason*, 223 Mont. 442, 451, 726 P.2d 1153, 1158 (1986); *cf. Wages v. First Natl. Ins. Co. of Am.*, 2003 MT 309, ¶¶ 6-7, 10, 318 Mont. 232, 79 P.3d 1095; *Treichel v. State Farm Mut. Automobile Ins. Co.*, 280 Mont. 443, 447-49, 930 P.2d 661, 664-65 (1997). I believe the Court's interpretation ignores this language, permitting Alicia to claim derivative damages through her own "Each Person" limit, contrary to our precedent. Opinion, ¶ 13.[1] Further, I believe the Court's decision subjects our previously clear "derivative claim jurisprudence" to the vagaries of individual policy interpretation.

¶21 Importantly, the correct result is also provided by statute. As we explained when applying § 61-6-103(2)(b), MCA (2003), in *Wagner-Ellsworth*, "the statutory monetary coverage limit specified for a bodily injury to one person applies to others who have

---

[1] The Court also references the "Each Accident" limit in ¶ 13, but there is no need to analyze that limit here, as it is subordinated under the policy to the "Each Person" limit and, thus, subject to the proper interpretation of the "Each Person" limit. The Court may have been confused by the Appellants' change in theory in their appellate briefing. They begin by seeking coverage under the "Each Accident" limit (*see* Frank Freyer's opening brief, p. 10) and close by seeking coverage under Alicia's own "Each Person" limit (*see* Frank Freyer's reply brief, p. 17-18). The amount of coverage proceeds under either theory is the same for this policy, but the analysis is different.

11

suffered losses arising from the bodily injury to that one person." *Wagner-Ellsworth*, ¶ 22.

¶22 The Court reasons that my position ignores the phrase "who do not sustain bodily injury" contained within the policy definition of "[b]odily injury to one person." Opinion, ¶ 14. However, as the policy states, this definition "*includes all injury and damages to other persons*, including emotional distress, sustained by such other persons who do not sustain bodily injury." (Emphasis added.) Thus, the phrase "who do not sustain bodily injury" simply clarifies that "all injury and damages to other persons" includes nonphysical, emotional injuries as well—not that it applies exclusively to those injuries. *See Vassiliu v. Daimler Chrysler Corp.*, 839 A.2d 863, 868 (N.J. 2004) ("[T]he word 'includes' is usually a term of enlargement, and not of limitation.").

¶23 When the language in an insurance policy is clear, then it is this Court's duty to enforce the language as written. *Am. Family Mut. Ins. Co. v. Livengood*, 1998 MT 329, ¶ 36, 292 Mont. 244, 970 P.2d 1054; *Canal Ins. Co. v. Bunday*, 249 Mont. 100, 106, 813 P.2d 974, 978 (1991); *see also* § 28-3-401, MCA. I believe the policy is clear and unambiguous, contrary to the Court's alternative conclusion in ¶ 15. An ambiguity arises only when an insurance policy is "*reasonably* subject to two different interpretations." *Newbury v. State Farm Fire & Cas. Ins. Co.*, 2008 MT 156, ¶ 19, 343 Mont. 279, 184 P.3d 1021 (emphasis added). Appellants' interpretation of the phrase "[b]odily injury to one person" as excluding a derivative claimant who has sustained a bodily injury is not reasonable and, thus, does not establish an ambiguity. "[W]e determine whether the term is ambiguous by viewing the policy from 'the viewpoint of a consumer with average

12

intelligence but not trained in the law or insurance business.'" *Mont. Petroleum Tank Release Compen. Bd. v. Crumleys, Inc.*, 2008 MT 2, ¶ 34, 341 Mont. 33, 174 P.3d 948 (quoting *Farmers Alliance Mut. Ins. Co. v. Holeman*, 1998 MT 155, ¶ 25, 289 Mont. 312, 961 P.2d 114). No consumer with average intelligence would conclude that the term "[b]odily injury to one person" fails to include a person with a bodily injury.

¶24 State Farm paid Heath's estate the "Each Person" policy limit of $50,000, thereby exhausting the available amount of damages "due to" Heath's "bodily injury." State Farm additionally paid the medical expenses Alicia sustained due to her own "bodily injury" under her "Each Person" policy limit. Alicia now seeks to recover wrongful death and survivorship damages, all of which are derivative of Heath's "bodily injury." The policy at issue provides coverage for Alicia's derivative claim, but only up to the limits of Heath's "Each Person" limit, now exhausted. I would therefore affirm the District Court.

/S/ JIM RICE

13